IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION


PAUL J. ROBBINS and wife
PATSY F. ROBBINS                                                                                       PLAINTIFFS

VERSUS                                                          CIVIL ACTION NO. 1:05cv95WJG-JMR

COMPUTER SCIENCES CORPORATION;
SHAW ENVIRONMENTAL &
INFRASTRUCTURE, INC.; SHAW
INFRASTRUCTURE, INC.; UNITED STATES
OF AMERICA; ABC CORPORATIONS 1-3 and
JOHN DOES 1-5                                                                                          DEFENDANTS


MEMORANDUM OPINION


THIS CAUSE comes before the Court on motion [146-1] of the Defendant, the United States of America [United States] to dismiss pursuant to Rule 12(b) for the Federal Rules of Civil Procedure, or in the alternative, for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure.  The Court has duly considered the record in this action, and the briefs of counsel, and being fully advised in the premises, concludes as follows.

Paul J. and Patsy F. Robbins, the Plaintiffs in this action, advance a claim of negligence against the United States, under the provisions of the Federal Tort Claims Act [FTCA], 28 U.S.C. §§ 1346(b) and 2671-2680.  Paul, a mechanical technician for the Boeing Company [Boeing], a contractor at the National Aeronautics and Space Administration [NASA] sustained injuries at NASA's John C. Stennis Space Center [SSC] in Hancock County, Mississippi. (Compl., p. 3.)  According to the allegations of the complaint Paul was loading equipment onto an elevator at the A-1 test stand, when the elevator doors suddenly closed and struck him.  (*Id.*, p.

4.)  He claims that the elevator warning system did not warn him that the doors were closing. (*Id.*)

Consequently, the Robbins contends that Paul's injuries were caused by NASA's negligence in failing to properly inspect, service and maintain the elevator, to provide Paul with a safe workplace, and to exercise its retained rights of supervision over work performed by Boeing. (*Id.*)  Patsy claims injuries and damages from loss of consortium caused by Paul's injuries.  (*Id.*)

The United States maintains that the claims are jurisdictionally barred by the FTCA's contractor exclusion, 28 U.S.C § 2671.  (Ct. R., Doc. 147, p. 2.)  The United States explains that NASA owns and operates SSC and conducts and manages the test operations of large rocket propulsion engines and systems along with components of those systems.  (*Id.*)  This work is carried out largely through service contractors pursuant to NASA's authority under the National Aeronautics and Space Act of 1958, as amended, 42 U.S.C. §§ 2451, *et seq*.  (*Id.*)  Boeing is a party to two such contracts, according to the United States.  (*Id.*, p. 3.)

In one case, Boeing is responsible for providing "hardware assurance propulsion testing and testing-support services" for test articles that include the space shuttle main engines and other engines developed by NASA.  (*Id.*)  Activities under this contract include, but are not limited to project management, safety and mission assurance, conducting ground "hot-fire" tests of engines and other components, post-test inspections, and facility, equipment and test-stand operations, maintenance, and calibration.  (*Id.*)

According to the United States, the Plaintiffs' complaint contends that NASA had a "nondelegable duty to furnish, keep, maintain and operate safe machinery and equipment and utilize safe means and methods of operation."  (*Id.*, p. 4, citing Compl., p. 5.)  NASA supposedly

also failed to "properly inspect, service, maintain and/or replace the elevator door warning system", to "exercise its retained rights of supervision and control over the work performed" "allowing work to be done at the A-1 Test Stand in violation of state and federal rules, regulations and statutes regarding the safety and health of workers" and "failing to take any means or precautions for the safety of [Robbins]." (*Id*., pp. 4-5)

On August 28, 1999, NASA contracted with Mississippi Space Services [MSS] to be the Facilities Operating Services [FOS] contractor at Stennis. (Ct. R., Doc. 147, p. 4.) MSS was responsible for establishing a program "directed toward avoiding . . . injury to personnel, damage to equipment or property, mission or test failures, or undue risk" and to develop and report all activities related to inspection of all SSC facilities. (*Id*., Exh. B.) MSS was responsible under the contract for preventative maintenance on the elevators. (*Id*.) Any deficiencies discovered during periodic and routine inspections of the elevator must be corrected as part of that inspection or test. (*Id*.)

The United States contends that it had delegated to Boeing the responsibility for ensuring workplace safety for the public, high value equipment and for Boeing employees, which would include Paul. (Ct. R., Doc. 147, p. 5.) Boeing was required to provide NASA with a safety and health plan outlining how Boeing would "maintain a comprehensive safety program that includes a focus on institutional safety and health, and system safety." (*Id*., Exh. A.) The plan requires Boeing employees to report unsafe acts and/or conditions observed in their work environment." (*Id*.)

The United States contends that NASA delegated the responsibility for the safety, maintenance, and repair of the elevator at test stand A-1 to private independent contractors. (Ct.

R., Doc. 153, p. 6.) Because NASA employees did not control the detailed day-to-day operation of the contractors in performance of the contracts, the United States argues that the court lacks subject matter jurisdiction over the complaint in this case. (*Id.*)

## Standard of Review

The United States seeks to have this case dismissed for lack of subject matter jurisdiction, or in the alternative, dismissed on summary judgment. A motion under Federal Rule of Civil Procedure 12(b)(1) should be granted "only if it appears certain that the plaintiffs cannot prove any set of facts in support of their claims that would entitle them to relief." *Home Builders Ass'n of Miss., Inc., v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). When considering a Rule 12(b)(1) motion to dismiss with a motion for summary judgment in the alternative, the court must determine if subject matter jurisdiction is present before considering the substantive arguments of the summary judgment motion. *See Cupit v. United States*, 964 F. Supp. 1104 (W.D. La. 1997).

Summary judgment is granted if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED.R.CIV.P. 56(c). The party seeking summary judgment must show the absence of evidence in the nonmoving party's case. *Celotex v. Catrett*, 477 U.S. 317, 325 (1986). If this burden is met, the nonmoving party then must demonstrate with specific facts that a genuine issue of material fact exists. *Goodwin v. Johnson*, 132 F.3d 162, 169 (5th Cir. 1997). The plaintiffs must substantiate their case with more than speculative evidence, allegations and conclusions to avoid summary judgment. *Celotex*, 477 U.S. 321-2; *see also Doe v. Dallas Indep. Sch. Dist.,* 220 F.3d

380, 383 (5th Cir. 2000), *cert. denied,* 531 U.S. 1073 (2001).  All facts and all reasonable inferences are considered in the light most favorable to the nonmoving party.  *Caboni v. General Motors Corp.*, 278 F.3d 448, 451 (5th Cir. 2002).  In making this assessment, the court will not weigh the evidence or evaluate the credibility of witnesses.  *See Morris v. Covan World Wide Moving, Inc.,* 144 F.3d 377, 380 (5th Cir. 1998).  Applying these standards to the evidence presented by the parties to the present motions, the Court makes the following findings.

<u>Legal Analysis</u>

Under the FTCA, the United States, as sovereign, is immune from suit unless it consents to be sued.  *United States v. Orleans*, 425 U.S. 807, 814-15 (1976).  The FTCA applies only to negligent acts or omission by an "employee of the [United States]."  28 U.S.C. § 1346(b).  "Employee of the [United States]" includes officers or employees of any federal agency."  28 U.S.C. § 2671  " 'Federal agency' . . . does not include any contractor with the United States." *Id*.  The consent to suit by the United States is limited by certain exceptions which preclude liability in many instances.  28 U.S.C.  2680.  These exceptions are strictly construed in favor of the United States.  *Truman v. United States,* 26 F.3d 592, 594 (5th Cir. 1994).  The exceptions are jurisdictional in nature and if a claim falls within the scope of one of these exceptions, the court lacks subject matter jurisdiction and must dismiss the suit.  *See Truman*, 26 F.3d at 594.

The United States contends that in this case, the contractor exception bars the Plaintiffs' complaint.  The FTCA excludes any contractor with the United States from the definition of employee, so that the United States is not liable for the negligence of an independent contractor.  *Alexander v. United States*, 605 F.2d 828, 833 (5th Cir. 1979); *Aretz v. United States*, 604 F.2d 417, 427 (5th Cir. 1979).

"A critical element in distinguishing an agency from a contractor is the power of the [United States] to 'control the detailed physical performance of the contractor.'" *Logue v. United States*, 412 U.S. 521, 528 (1973).  The key "is not whether the . . . agency receives federal money and must comply with federal standards and regulations, but whether its day-to-day operations are supervised by the Federal Government." *United States v. Orleans*, 425 U.S. 807, 813-15 (1976).  If all the United States retains is the right to inspect progress, to provide advice on contract provision, and to order work stopped for safety violations, this type of control does not impute liability on the United States.  *Alexander*, 605 F.2d at 831.

The Court must determine if the FOS contract delegates responsibility for workplace safety to MSS.  Rosalind Baker, the contracting officer for the FOS contract performed by MSS at Stennis submitted a declaration in which she outlined the parameters of the FOS contract with MSS.  (Ct. R., Doc. 153-4, p. 1.)  She stated that MSS is responsible for performing facility maintenance functions on most structures and facilities at SSC.  (*Id.*)  The contract definition of "facilities" includes elevators.  (*Id.*)

Baker states that MSS furnishes the necessary management, labor, facilities, materials and equipment for the job.  (*Id.*)  Maintenance functions include inspecting, servicing and maintaining the elevator and elevator warning systems on the A-1 test stand.  (*Id.*)  The contract requires MSS to oversee the preventive and corrective maintenance of NASA's facilities at SSC.  (*Id.*)  MSS is responsible for providing the "inspection and testing services as required for routine and periodic certification requirements of elevator and dumbwaiter systems."  (*Id.*)

The contract between NASA and MSS is a performance-based acquisition contract.  (*Id.*, p. 2.)  Baker explained that under these contracts, government agencies describe the contract

work in terms of the required results rather than delegating how the work is accomplished.  (*Id*.)  The terms of such a contract do not require the United States to significantly or substantially control the work performed.  (*Id*.)  According to Baker, should the United States supervise the day-to-day operation the contract would no longer be a performance based acquisition contract but would be a personal service contract as outlined in another part of the Federal Regulations.  (*Id*.)

Plaintiffs argue that the United States should be liable for Paul's injuries because it allegedly was advised of the operational failures of the elevator and failed to perform the necessary repairs and did not warn users about the condition of the elevator.  (Ct. R., Doc. 151-1, p. 2.)  Plaintiffs contend that the United States retained significant control over MSS's work at Stennis.  (*Id*., p. 3.)  In addition, the United States reserved the right to approve the repairs, according to Plaintiffs.  (*Id*., p. 4.)

One of the contract clauses relied upon by Plaintiffs to show that the United States retained control over approving MSS repairs was deleted from the contract on February 2, 2001.  (Ct. R., Doc. 153-1, Exh. A.)  Clause G.7 of the contract does not apply to the elevators at SSC.  (*Id*., Exh. B.)  Robert Harris, a deputy procurement officer for NASA at SSC; Robert Heitzmann, the Chief of operations and maintenance at SSC; and Chip Ellis, the Contracting Office's Technical Representative [COTR] for the hardware assurance testing [HAT] contracts each testified at a deposition.  (*Id*., Exh. D.)  These individuals explained that the contract is a performance-based contract which means that the contractors are responsible for developing maintenance and safety schedules and are responsible for maintaining the facility to a predetermined minimum standard set by the United States in its contracts.  (*Id*.)

Based on the information provided by the United States, the Court finds that the Robbins failed to demonstrate by a preponderance of the evidence that the United States supervised and controlled the day-to-day operations of MSS at SSC.  The Court, therefore concludes that MSS was an independent contractor, rather than an employee of the United States, and that the motion to dismiss should be granted.

Plaintiffs also advance a claim of negligence under Mississippi premises liability law.  A plaintiff advancing a negligence claim against a defendant in Mississippi must show by a preponderance of the evidence that the defendant had a duty, breached that duty, causing the plaintiff to suffer damages, and a causal connection between those damages and the breach of duty such that the breach is the proximate cause of the damages to establish a cause of action for negligence.  *Gulledge v. Shaw*, 880 So.2d 288, 292-3 (Miss. 2004).  A property owner who contracts for repairs to the property is not liable for injuries to workers on the premises arising out of the acts or omissions of the contractor.  *Magee v. Transcontinental Gas Pipe Line Corp.*, 551 So.2d 182, 185 (Miss 1989).  While the owner of a premises, under Mississippi law, generally has a duty to use reasonable care to keep its premises in a reasonably safe condition for business invitees, the owner is not an insurer of the invitee's safety.  *Coho Res., Inc. v. McCarthy*, 829 So.2d 1, 10 (Miss. 2002).  Because federal law determines when the United States may or may not be sued, by waiving its sovereign immunity, the FTCA bars recovery for injury where the United States has delegated its authority to an independent contractor notwithstanding otherwise applicable state law that makes such responsibilities nondelegable.  28 U.S.C. § 2671.  The Court, therefore, concludes that the United States' motion to dismiss should be granted.

This determination renders the United States' motion for summary judgment moot, and the Court finds it should be denied as such.

## Conclusion

For the reasons given above, this Court finds that the motion of Defendant United States to dismiss [146-1] pursuant to Rule 12(b) for the Federal Rules of Civil Procedure should be granted. The Court further finds that the United States' motion for summary judgment [146-1] should be denied as moot. A separate Final Judgment in conformity with and incorporating by reference the foregoing Memorandum Opinion shall issue this date.

THIS the 11th day of April, 2007.

*Walter J. Gex III*
UNITED STATES SENIOR DISTRICT JUDGE